**CASE NO.: 24-10728**

---

**IN THE UNITED STATES  COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

DOROTHY SIMMONS

*Plaintiff-Appellant*,

v.

RICHARD LI, M.D.

*Defendant-Appellee*

Appeal from the United States District Court
for the Middle District of Florida

Case No: 5: 22-cv-526PGB-PRL

---

**APPELLANT'S OPENING BRIEF**

---

WILLIAM C. ROBINSON, ESQ
Florida Bar No: 386847
Attorney for Appellant
P. O. Box 61075
North Miami, FL 33261
Tel:  305-454-9632
Fax: 754-764-2266
Email: robinsonwilliam8@gmail.com

*Attorney for Appellant*
Dorothy Simmons

**CASE NO: 1: 24-10728**

**Dorothy Simmons**
**v.**
**Richard Li, M.D.**

**Certificate of interested Persons and**
**Corporate Disclosure Statement**

Pursuant to the Federal Rules of Appellate Procedure 26.1 and the Eleventh Circuit Rules 26.1 the undersigned counsel for the appellants certify that the following persons may have an interest in the outcome of the case:

Byron, Paul G. District Court Judge

Eckhart. Dan W, Counsel for Richard Li

Li, Richard MD

Robinson, William C, Counsel for Dorothy Simmons

Simmons, Dorothy

White, Katina

Williams, Shanta

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant Simmons requests oral argument. She seeks review of the district court's interlocutory Order of February 12, 2024, granting entitlement to qualified immunity on the claim for deliberate indifference to medical needs. Simmons believes that oral argument will aid the Court in determining whether qualified immunity applies in this case, which appears to present a set of facts not quite like any other in this Court's published decisions. If granted, oral argument would also allow the parties the opportunity to address any questions the Court may have regarding the application and scope of qualified immunity under the facts at hand.

# Table of Contents

Certificate of Interested Parties and Corporate Disclosures……………………….C-1

Statement Regarding Oral Argument……………………………………………………….i

Table of Contents……………………………………………………………………………ii

Table of Authorities …………………………………………………………….…….…..iii

Statement of Jurisdiction……………………………………………………………..v

Statement of the Issues Presented………………………………………….…….1

Statement of the Case……………………………………………………………...1

Standard of Review………………………………………………………………..2

Summary of Argument………………………………………………….…..……2

Argument

    1.  Dismissal of the complaint with prejudice is error when the
        complaint alleges Dr. Li had notice of the serious asthmatic
        condition …………………………………………………………….4

    2   Eleventh circuit has denied qualified immunity……………………..8

Conclusion…………………………………………………………… …….11

Certificate of Compliance…………………………………………….…..12

Certificate of Service……………………………………………………..…..12

**Table of Cases**

ADA v. Cigna Corp., 605 F.3d 1283……………………………………………...2

Adams v. Poag, 61 F. 3d 1537(11th Cir. 1995) …………………………………8

Al-Turki v. Robinson, 762 F.3d 1188,( 10th Cir 2014) …………………………..10

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949,
173 L.Ed.2d 868 (2009) …………………………………………………………5

Barnett v. City of Florence, 409 F. App'x 266, 270 (11th Cir. 2010)………………4

Carlson v. Green, 446 U.S. 14 (1980) …………………………………………..7

Carrin v. Smiledge, 2023 U. S. Dist. LEXIS 92611(N.D Fla. 2023)……………....5

Cleveland-Perdue v. Brutsche, 881 F.2d 427., (7th Cir. 1989)……………...…10

Daniels v. Vilchez, 2018 U.S. Dist. LEXIS 144896……………………….……9

Estate of Jensen v. Clyde, 989 F.3d 848. (10th Cir. 2021)………………………..10

Gilmore v. Hodges, 738 F. 3d 266  (11th Cir. 2013) ………………………………7

Harper v Lawrence Cnty., 592 F.3d 1227, 1235 (11th Cir. 2010)…………………4

Henderson v. Harris, 672 F. Supp. 1054.( N D ill 1987) ………………….....…10

Hofer v. Sec Florida Dept of Corrections, 973 F. 3d 1263
(11th Cir. 2020)………………………………………………………….…….7

Johnson v. Bessemer, 741 F. App'x 694, 698 (11th Cir. 2018)……………………3

Kothman v. Rosario, 558 F. Appx 907 (11th Cir 2014)……………………………9

Mann v. Taser International , 588 F. 3d 1291(11th Cir 2009)……………………..6

Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019)…………………………………..2

Pearson v. Callahan, 555 U.S. 223, 236 (2009)…………………………………….4

Rich v. Dollar, 841 F.2d 1558 (11th Cir. 1988)…………………………...……3

Riddick v. U.S., 832 Fed. Appx. 607 (11th Cir. 2020)…………………………..…5

Simmons v. Fla. Dep't of Corr., 2015 U.S. Dist. LEXIS 69954…………………8,9

Townsend v. Jefferson County, 601 F. 3d 1152
(11th Cir. 2010) ………………………………………………………………………….6

Valderrama v. Rousseau, 780 F.3d 1108,  (11th Cir. 2015) ………………………..5

**STATEMENT OF JURISDICTION**

This appeal was timely filed on March 11, 2024. [DE 46. Simmons seeks review of the district court's final Order of February 16, 2024, granting defendant Dr Li entitlement to qualified immunity on the claim for deliberate indifference to medical needs. The district court had federal question jurisdiction over the constitutional claims under <u>28 U.S.C. § 1331</u>. As to the federal claim on appeal here, this Court has jurisdiction pursuant to <u>28 U.S.C. § 1291</u>.

**Statement of the Issues Presented for Review:**

1. Whether the District Court committed error in granting motion to dismiss with prejudice in favor of Dr. Li based upon qualified immunity.

**Statement of the Case**

The appellant filed an amended complaint against Dr. Li for violation of his Eight Amendment rights due to the deliberate indifference to Davis' serious medical condition. DE 13. It is alleged Dr. Li operated the medical facility at Coleman Correctional Institute. Davis, who suffered from severe and chronic asthma, was a regular patient at the medical facility. The defendant provided inhalers for treating his condition. Therefore, the defendant was keenly aware, after years of treatment, how the asthma impaired Davis' life activities and breathing.

The complaint further alleges that days before his death Davis complained of asthmatic symptoms and was denied treatment. There is no issue about the defendant's knowledge of the severity of Davis' chronic and severe asthmatic condition. His cell mates observed Davis suffering and wheeled him to the infirmary several times. After many attempts to get treatment due to breathing problems, the asthmatic inmate Davis was finally seen, and transported to the emergency room for treatment. He died two days later. Doctor Li was well aware of Davis' asthmatic condition, and in spite of that did not take prompt action to treat Davis' complaint. Dr. Li filed a motion to dismiss DE 38, and the court

dismissed the case by order dated February 16, 2024, DE 44.The dismissal of the claim based upon qualified immunity is appealed  DE 46.

## Standard of Review

This Court reviews a district court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the nonmoving party's favor.  Paez v. Mulvey, 915 F.3d 1276 (11th Cir. 2019).  Where a defendant challenges a complaint for failing to adequately state a claim upon which relief can be granted, the court should apply a "two-pronged approach" in analyzing the complaint ADA v. Cigna Corp., 605 F.3d 1283 (11th Cir. 2010). First, the court should "eliminate any allegations in the complaint that are merely legal conclusions." Id. This first prong excludes "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Second, the court should assume that all well-pleaded factual allegations are true "and then determine whether [those allegations] plausibly give rise to an entitlement to relief." ADA, supra. A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. The court should draw on its experience and common sense.

## Summary of Argument

In several summary judgment cases, health care providers have been denied qualified immunity in relation to the Eighth Amendment's deliberate indifference

standard. The denial of qualified immunity typically occurs when the conduct is found to have violated a clearly established constitutional right, such as the right to be free from deliberate indifference to serious medical needs. Case law is clear deliberate indifference to serious medical needs of an inmate violates the constitution when there is a serious medical need, to which deliberate indifference is shown and causation between the indifference and the injury.

"Qualified immunity protects government officials performing discretionary functions from being sued in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. A government official acts within his discretionary authority if the challenged actions were (1) "undertaken pursuant to the performance of his duties", and (2) "within the scope of his authority." Rich v. Dollar, 841 F.2d 1558 (11th Cir. 1988). Here, there is no question that Defendant Li was acting in his discretionary authority while working in the correctional institute; thus, the issue is whether Li violated Davis' clearly established constitutional right to be free from deliberate indifference to a serious medical need. Johnson v. Bessemer, 741 F. App'x 694, 698 (11th Cir. 2018).

After determining that the government official was acting within his discretionary authority, there is a two-step inquiry to determine if an official is entitled to qualified immunity. The two inquiries are "whether the plaintiff's allegations, if true, establish a constitutional violation" and "[i]f the facts,

construed . . . in the light most favorable to the plaintiff, show that a constitutional right has been violated, another inquiry is whether the right violated is "clearly established." Barnett v. City of Florence, 409 F. App'x 266, 270 (11th Cir. 2010). The two inquiries can be done in any order. Pearson v. Callahan, 555 U.S. 223, 236 (2009). A delay in providing medical treatment can sustain a "deliberate indifference" claim, where the delay has exacerbated the prisoner's injury or unnecessarily prolonged the inmate's pain. Harper v Lawrence Cnty., 592 F.3d 1227, 1235 (11th Cir. 2010). Such is the case here.

**ARGUMENT I**

**DISMISSAL OF THE COMPLAINT WITH PREJUDICE IS ERROR WHEN THE COMPLAINT ALLEGES DR. LI HAD NOTICE OF THE SERIOUS ASTHMATIC CONDITION**

It is clear that deliberate indifference claims are analyzed based upon objective and subjective prongs. Here there is no issue as to subjective prong and the defendant's knowledge of serious risk of harm for untreated asthma. The complaint alleges Davis' history of asthma was well known to the defendant as he was treated there regularly. Due to Davis' regular treatment over a period of years, Dr. Li knew it was chronic, severe, and impaired his life activities. When Davis complained of breathing issues and was taken to the doctor, instead of treatment, he was denied. His situation was so dire that the cell mates took him to the doctor several times. These factual allegations are sufficient to support a reasonable inference that Dr. Li was aware of the serious medical condition and disregarded

the risk of harm by conduct amounting to more than mere negligence. The appellant is not required to prove Dr. Li intended harm but rather may show the defendant failed to act despite his knowledge of the serious risk. See Riddick v. U.S., 832 Fed. Appx. 607 ( 11th Cir. 2020) (reversed dismissal of *pro se* litigant complaint with prejudice). What is more, for purposes of the motion to dismiss the court must accept as true all factual allegations which are not formulaic, and the motion does not test the truth of the complaint's factual allegations. Discovery and summary judgment will weed out bogus claims. See Carrin v. Smiledge, 2023 U. S. Dist. LEXIS 92611( N.D Fla. 2023). That court noted, "A complaint is facially plausible when there is sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, (2009) (quoted in Riddick v. United States,832 F. App'x 60711th Cir. 2020)).Carrin v. Smiledge, 2023 U.S. Dist. LEXIS 92611.

Here it appears the district court drew inferences for the appellee rather than the appellant. The district court erred when it failed to infer from Davis' death that the failure to treat, and delay in hospitalization caused his death. The Eleventh Circuit has held that it is "clearly established...that an official acts with deliberate indifference when he intentionally delays providing...access to medical treatment, knowing that the [arrestee] has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." Valderrama v. Rousseau, 780 F.3d

1108, (11th Cir. 2015). These issues are more appropriately decided on summary judgment.

In concluding that Dr. Li is entitled to qualified immunity, the district court erred by relying upon summary judgment cases which are clearly distinguishable from the instant case. For instance, the case of <u>Townsend v. Jefferson County,</u> 601 F. 3d 1152 ( 11th Cir. 2010) focused on the issue of a pregnant crack addict's custodial treatment in a jail. The nurse determined the addict, who smoked crack daily during pregnancy, was not in serious condition, nor has an emergency. Nevertheless, a miscarriage occurred, and she lost the baby. This circuit reversed denial of summary judgment based upon qualified immunity because there was no evidence the nurse knew of the emergency. In the instant case it is alleged that the defendant knew it was an emergency based upon Davis' multiple attempts to get treatment. This is well pled by Davis' estate, and <u>Townsend's</u> factual circumstance is easily distinguishable. One is a newly arrested crack addict with no history with the medical staff, compared to  Dr. Li who had treated Davis' condition for years and knew of his chronic breathing problems.

The district court also cites to <u>Mann v. Taser International</u>, 588 F. 3d 1291(11th Cir 2009) which involves the use of a stun gun on a kicking screaming violently aggressive woman  who kicked out the window of the police car resisting arrest. There was no evidence the stun  gun caused the death, nor were the officers aware of her serious disease so as to be deliberately indifferent  to it. Again, this

summary judgment was affirmed and  is clearly distinguishable to the instant case. and does not support any conclusion of qualified immunity so as to dismiss the instant complaint.

To support the granting of qualified immunity to the appellee  the district court also relied upon the seminal hearing loss  case of <u>Gilmore v. Hodges</u>, 738 F. 3d 266  (11th Cir. 2013)  The prisoner in that case was denied batteries for his hearing aids while incarcerated for 20 months. The district court affirmed a summary judgment against the inmate who claimed his hearing loss was a serious condition which could not be remedied by a hearing aid. Qualified immunity was granted as the law on hearing loss was not clearly established in 2013. The instant case, like <u>Carlson v. Green</u>, 446 U.S. 14 (1980), clearly established that asthmatic condition suffered by Davis was a serious condition, and the pleading sufficiently notifies the appellee that his failure to treat same is unconstitutional. Reliance on this hearing loss case to  granting qualified immunity where Davis died as a result of the deliberate indifference is quite a stretch.

Further out on a limb, the district court relied upon the case  <u>Hoffer v. Sec Florida Dept of Corrections,</u> 973 F. 3d 1263 (11th Cir. 2020)  which is factually inapposite as it involves another summary judgment  which was entered after a 5-day evidentiary hearing on the issue of appropriate treatment of inmates with Hepatitis C. That  court  determined the prison officials must have acted with more than gross negligence to be held liable for deliberate indifference. There is no

discussion of qualified immunity in <u>Hoffer</u> as it deals with Prison Litigation Reform Act and correctional institutional policy considerations on priorities for Hep C treatment. A summary judgment was reversed, and a permanent injunction vacated.

Lastly the court relied upon the summary judgment case of <u>Adams v. Poag</u>, 61 F. 3d 1537(11th Cir. 1995) which involved the death of an asthmatic who received 10 days of treatment for his condition prior to his death in jail. This court held that the appellees in <u>Adams</u> failed to demonstrate that the treatment violated a clear and specific standard or violated his constitutional rights. Davis did not get 10 days of treatment but was denied treatment until he was finally sent to the hospital to die. <u>Adams</u> summary judgment order does not support the dismissal of Davis' complaint based upon qualified immunity as it is procedurally premature and error.

**ARGUMENT II**

**ELEVENTH CIRCUIT HAS DENIED QUALIFIED IMMUNITY**

The Eleventh Circuit has indeed affirmed the denial of a motion to dismiss based on qualified immunity in cases where the claim is deliberate indifference in violation of the Eight Amendment. In the case of <u>Simmons v. Fla. Dep't of Corr.</u>, 2015 U.S. Dist. LEXIS 69954, the Eleventh Circuit held that the plaintiff had alleged facts sufficient to show that the defendant knew that hormone treatment was the recognized, accepted, and medically necessary treatment for the plaintiff's

condition, yet knowingly refused the plaintiff's repeated requests for such treatment. This was seen as being deliberately indifferent to a serious medical need, and thus the plaintiff's allegations were sufficient to state a facially plausible Eighth Amendment claim. The court also held that by 1986, it was well settled in this Circuit that intentionally refusing to provide medically necessary treatment constitutes deliberate indifference and violates the Eighth Amendment. Simmons v. Fla. Dep't of Corr., 2015 U.S. Dist. LEXIS 69954. This case cites to Kothman v. Rosario, 558 F. Appx 907 (11th Cir 2014) which opined

On appeal the Eleventh Circuit affirmed, stating "we hold that plaintiff has alleged facts sufficient to show that defendant knew that hormone treatment was recognized, and medically necessary treatment for plaintiffs GID, yet knowingly refused plaintiff's repeated request for such treatment and thus was deliberately indifferent to a serious medical need". Id at 911Therefore, plaintiff's allegations were sufficient to state a facially plausible Eighth Amendment claim. Id. As for qualified immunity, the Eleventh Circuit went on to hold that "by 1986, it was well settled in this Circuit that intentionally refusing to provide medically necessary treatment constitutes deliberate indifference and violates the Eighth Amendment." Id. at 912. Simmons v. Fla. Dep't of Corr., 2015 U.S. Dist. LEXIS 69954, *39-40

       In the case of Daniels v. Vilchez, 2018 U.S. Dist. LEXIS 144896 the Middle District of Florida (denied treatment for broken knuckles) explained the proper analysis when a district court considers a motion to dismiss based on qualified immunity. The court should analyze whether, taking the plaintiff's allegations as true, the complaint asserted a violation of a clearly established constitutional right  Daniels v. Vilchez, 2018 U.S. Dist. LEXIS 144896. The court denied the claim of qualified immunity  at the motion to dismiss stage.

Other doctors have been denied qualified immunity at the summary judgment stage too. For instance, in the case of <u>Cleveland-Perdue v. Brutsche</u>, 881 F.2d 427 (7th Cir. 1989) the district court denied the motion for summary judgment on the ground of qualified immunity for the defendant, Dr. Silverman. The doctor had prescribed a drug to a prisoner from his home and refused to come to the prison hospital despite protests from the physician's assistant at the scene. The court held that the doctor's actions could be seen as deliberate indifference to the prisoner's medical needs  In another case, <u>Estate of Jensen v. Clyde,</u> 989 F.3d 848 (10th Cir. 2021), the district court denied qualified immunity to a nurse on a deliberate indifference claim at summary judgment . The court reasoned that a reasonable jury could conclude that the nurse completely failed to fulfill her role as a gatekeeper, which could be seen as deliberate indifference.  Davis has alleged he sought medical attention and treatment for his asthmatic condition and was deliberately denied. As a result, at 33, Davis died. These acts or omissions are sufficiently harmful to evidence deliberate indifference that can offend evolving standards of decency in violation of the Eighth Amendment. See  <u>Henderson v. Harris</u>, 672 F. Supp. 1054.( N D ill 1987)(denial of treatment for hemorrhoids). Therefore, the denial of qualified immunity is highly dependent on the specific facts and circumstances of each case, and these facts justify such a denial.

In  <u>Al-Turki v. Robinson</u>, 762 F.3d 1188, (10th Cir 2014) (inmate complained of abdominal pain determined to be kidney stones) a prison nurse was

denied summary judgment based on qualified immunity as to the prisoner's Eighth Amendment deliberate indifference claim. The nurse had refused to see a prisoner while he was suffering through several hours of severe abdominal pain from what turned out to be kidney stones. The court found that the nurse's decision to ignore his repeated complaints of severe abdominal pain fell squarely within clearly established law, thus denying her qualified immunity. Davis has pled his complaints were ignored until it was too late, and Dr. Li is not entitled to qualified immunity in light of Davis death.

**Conclusion**

For the above-mentioned reasons, the appellants request this court reverse the district court's dismissal with prejudice and allow discovery to proceed in this matter.

Date: May 21, 2024.

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQ
Florida Bar No: 386847
P. O. Box 61075
North Miami FL 33261
Tel:  305-454-9632
Fax: 754-764-2266
E-mail: robinsonwilliam8@gmail.com

*Attorney for Appellant Dorothy Simmons*

## Certificate of Compliance

This brief complies with the type and volume limitation of Fed. R. App. P. 32(a) 7(b) because this brief contains 2,674 words, excluding the parts of the brief exempted by Fed. R. App. P 32(a)7(B)iii.

## Certificate of Service

I hereby certify that on May 21, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record for service via transmission of Notices of Electronic filing generated by CM/ECF.

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQ
Florida Bar No: 386847
P. O. Box 61075
North Miami FL 33261
Tel: 305-454-9632
Fax: 754-764-2266
E-mail: robinsonwilliam8@gmail.com

*Attorney for Appellant Dorothy Simmons*